MICHELE POWER
SEAN BROWN
POWER AND BROWN, LLC
P.O. BOX 1809
BETHEL, ALASKA 99559
Telephone: 907-543-4700
Facsimile: 907-543-3777

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JORENE HARRY, individually; as Personal Representative of the Estate of CHANCE HILL; and on behalf of her minor children, E. H. and R. H., | |
| Plaintiff, | Case No. _____ Civ ( _____ ) |
| vs. | __COMPLAINT FOR DAMAGES__ |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

For her complaint, plaintiff, by and through counsel Power and Brown, LLC, alleges as follows:

### Parties and Jurisdiction

1.     This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b).

- 1 -

2.      Plaintiff submitted a timely administrative claim based on the facts alleged herein to the Department of Health & Human Services. More than six months has passed since the receipt of that claim, which has been neither admitted nor denied. The claim is deemed by plaintiff to be denied, pursuant to 26 U.S.C. § 2675.

3.      At the time of the conduct that forms the basis for the allegations in plaintiff's Complaint, the Yukon-Kuskokwim Delta Regional Hospital ("YKDRH") through the Yukon-Kuskokwim Health Corporation ("YKHC") were carrying out a compact agreement with the Indian Health Service, and are deemed to be part of the Indian Health Service in the Department of Health and Human Services of the United States of America pursuant to Public Law 101-512, Title III, section 314.

Common Factual Allegations

4.      Plaintiff Jorene Harry and Chance Hill are the parents of minor children, E. H. and R. H., and Jorene Harry is the Personal Representative of the Estate of Chance Hill.

5.      On or about July 10, 2007, Chance Hill underwent an involuntary behavioral health examination at the YKDRH and was admitted to the facility for medical monitoring.

6.      While admitted, health care providers at the YKDRH informed Mr. Hill that his recurrent facial cramps were caused by the deterioration of metal plates and screws in his jaw and he was diagnosed with recurrent ETOH withdrawal seizures,

- 2 -

depression, and anxiety, and then discharged on July 11, 2007.

7.  On or about the morning of July 12, 2007, at approximately 9:30 am, Mr. Hill presented at the emergency room of the YKDRH complaining of facial cramps.

8.  Mr. Hill was again admitted to the YKDRH for evaluation of his recurrent facial cramps, headaches and seizures.

9.  At approximately 10:25 am, Mr. Hill was discharged from YKDRH with the instruction to try Benadryl for his facial cramps.

10.  Mr. Hill returned to his residence in Chevak, Alaska and at approximately 6:30 pm, because he was depressed and in so much pain, fatally shot himself.

First Claim for Relief: Survival of Claims
(AS 09.55.570)

11.  Plaintiff incorporates by reference all prior allegations herein.

12.  Defendant is liable to the estate of Chance Hill for Mr. Hill's emotional distress, mental anguish, and pain and suffering preceding his death under the Alaska survival statute, AS 09.55.570, in an amount to be proven at trial.

Second Claim for Relief: Negligence

13.  Plaintiff incorporates by reference all prior allegations herein.

14.  The examination, care and control of the treatment of Chance Hill was performed by employees of the YKDRH, through the Department of Health and Human Services, an agency of the United States of America. At all relevant times herein,

- 3 -

said employees were acting within the scope of their employment.

15. In the aforesaid examination and control of the care and treatment of Chance Hill, the defendant's employees negligently failed to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

16. As a proximate result of the negligence of the employees and agents of the defendant, Chance Hill suffered pecuniary damages.

17. As a proximate result of negligence of the employees and agents of the defendant, Chance Hill experienced pain and suffering.


<u>Third Claim for Relief: Wrongful Death</u>
(AS 09.55.580)

18. Plaintiff incorporates by reference all prior allegations herein.

19. As a result of the death of Chance Hill, defendant is liable to his estate under the Alaska Wrongful Death Statute, AS 09.55.580, in an amount to be proven at trial.


<u>Fourth Claim for Relief: Negligent Infliction of Emotional Distress</u>

20. Plaintiff incorporates by reference all prior allegations herein.

21. Defendant's conduct of failing to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing was the cause of Chance Hill's

- 4 -

suicide.

22. Jorene Harry and R.H. were present in the residence at the time of Mr. Hill's suicide. Jorene Harry and R.H. suffered severe emotional distress as a result of hearing the gunshot, observing Chance Hill immediately following the self-inflicted gun shot wound, and observing the emergency efforts of clinic staff to resuscitate Mr. Hill.

23. Defendant's actions proximately caused Jorene Harry and R.H. to suffer severe emotional distress which entitles them to be compensated for their damages in an amount to be proven at trial, which shall include but not limited to past and future emotional distress, and past and future lost enjoyment of life; and such other damages as permitted by law.


Fifth Claim for Relief: Loss of Consortium

24. Plaintiff incorporates by reference all prior allegations herein.

25. On or about July 12, 2007, Chance Hill died as a result of defendant's negligent failure to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

26. As a result, E.H. and R. H., Chance Hill's minor children, are unable to share activities and experiences with the parent whom they previously shared or anticipated sharing as they reached a suitable age and Chance Hill is unable to

- 5 -

provide the household services for his minor children that he previously performed.

27.     Further, Chance Hill's minor children have sustained both past and future loss of consortium in the parent-child relationship, including loss of enjoyment, society, aid, assistance, companionship, comfort, care, guidance, love, affection, solace and protection.

<u>PRAYER FOR RELIEF</u>

WHEREFORE plaintiff demands judgment for compensatory damages in excess of $5,000,000, the precise amount to be proven at trial, plus allowable costs, interest, and attorneys' fees.

RESPECTFULLY SUBMITTED this 31st day of July, 2008, at Bethel, Alaska.

<u>s/ Michele L. Power</u>
P.O. Box 1809
Bethel, Alaska 99559
Phone: (907) 543-4700
Fax: (907) 543-3777
E-mail: admin@powerbrown.com
ABA No. 9510047

- 6 -